530 AUSTIN, G., M. & CO., INC., Appel., *v.* LINCOLN C. & C. CO.

Syllabus—Arguments.    [78 Pa. Superior Ct.

## Austin, Gorham, McIlvaine & Co., Inc., Appellant, *v.* Lincoln Chocolate & Confectionery Co., Inc.

*Pleading—Affidavit of defense—Sufficiency.*

In an action of assumpsit for breach of a contract, for the installation of a heating apparatus, the court properly refused judgment for want of a sufficient affidavit of defense, where it appeared that the plaintiff had installed the heater, and averred that it had been accepted by the defendant, but the affidavit of defense alleged a failure of the machinery to produce the required heat which it had been guaranteed to maintain.

The pleadings having raised issues of fact as to whether or not there had been a guaranty, and whether each of the parties had performed their part of the several obligations undertaken by them, the defendant was entitled to a trial by jury and the question could not be decided by the court.

Argued December 12, 1921.    Appeal, No. 286, Oct. T., 1921, by plaintiff, from judgment of Municipal Court, Phila. Co., Aug. T., 1921, No. 537, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Austin, Gorham, McIlvaine & Co., Inc., v. The Lincoln Chocolate & Confectionery Co., Inc. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover on contract to install heating apparatus.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court discharged the rule.    Plaintiff appealed.

*Error assigned* was discharging the plaintiff's rule.

*Samuel K. White,* for appellant.—The contract was not an entire contract, and plaintiff was only bound to perform its part in a workmanlike manner, and in ac-

cordance with its contract: Loundsberry v. Eastwick, 3
Phila. 371; Schwarz Wheel Co. v. Wilt, 68 Pa. Superior
Ct. 460.

*Edward A. Kelly,* for appellee.

OPINION BY HENDERSON, J., March 3, 1922:

The court refused to give judgment for the plaintiff
for want of a sufficient affidavit of defense, and from
that action we have the pending appeal. The case grows
out of a contract entered into by the parties for the in-
stalling of a heating apparatus in a room occupied by
the defendant in the manufacture of confections. A
part of the contract is in the following form: "It is
understood that this room is to be 25 ft. long, 14 ft. wide,
9 ft. 5" high, made as tight as possible, with one door
entrance and 4 windows. Rooms to be heated to 220
degrees." The contract also contains the following
covenant: "220 degrees temperature guaranteed con-
tinuously." The contract is set forth as a part of the
statement of claim, and the plaintiff's averment is that
pursuant thereto it installed a heating plant in the
premises referred to and that the plant was accepted by
the defendant. It was not alleged, however, that it had
the capacity called for in the agreement. The defense
presented is that the heater would not produce the tem-
perature stipulated for; that it wholly failed at any
time to produce the degree of heat which the plaintiff's
business made necessary and which the parties had in
contemplation when the agreement was entered into.
It is also denied that the heater was accepted by the de-
fendant. One of the provisions of the contract, as will
be noted, is that the room referred to was to be "made
as tight as possible." It seems to have been the under-
standing of the parties that this was to be done by the
defendant, although it is alleged in the affidavit of de-
fense that the tender of the contract by the plaintiff was
made after a survey of the room and a measurement of

532 AUSTIN, G., M. & CO., INC., Appel., v. LINCOLN C. & C. CO.

Opinion of the Court. [78 Pa. Superior Ct.

its dimensions. It appears from the affidavit of defense that after the installation of the heating equipment, and after notice by the defendant to the plaintiff that it failed to develop the requisite heat, it was suggested by the latter that by the expenditure of an additional sum of $93 by the defendant in the tightening of the doors and windows and the plastering of leaks in the walls the heater would then perform the work warranted in the contract, which suggestion was adopted and the improvements made; but after this work was done there was still an insufficient supply of heat and the temperature of 220 degrees had never at any time been attained "either intermittently or continuously," and that without such a degree of temperature the heater was absolutely useless for the purpose for which it was intended. Viewing the statement of claim and the affidavit together, we think an issue of fact is raised on which the defendant is entitled to a trial by jury. It is very clear that unless the heater was adequate to the service which the parties had in contemplation, the plaintiff is not entitled to recover under the pleadings. As there is no averment that the defendant's failure to comply with the agreement produced the result complained of and there is an affirmative averment in the affidavit of defense that the latter was not in default, the case seems to turn on the capacity of the heater and the effect to be given to the provision of the contract that the room was to be "made as tight as possible." What the parties meant by this provision is to be considered in the light of all the circumstances and whether the defendant's undertaking was complied with is a question of fact. As the pleadings appear, the court could not declare whether the room was "made as tight as possible" or not. The letter of the plaintiff attached to the affidavit of defense as Exhibit A indicates it to be the understanding that the contract required the room to be "completely sealed" and it may be the agreement was so understood, but the words just quoted are not a part

thereof and are only indicative of the plaintiff's understanding of it. In any view of the case, therefore, the inquiries whether the heater was of the kind contracted for and whether the defendant made the room as tight as possible would be inquiries for the consideration of a jury assuming that competent evidence was offered bearing on these aspects of the case.

It is our opinion that the rule for judgment was properly disposed of by the court. The appeal is therefore dismissed at the cost of the appellant without prejudice to his right, etc.